IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal No. 4:12-CR-00001

QUENTIN DWAYNE MCNEBB,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Quentin Dwayne McNebb, by and through counsel, states as his sentencing position that he has no material objection to the presentence report ("PSR") or its guideline calculations. For the reasons discussed below, he asks for leniency and a sentence that is sufficient, but not greater than necessary to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2).

## RELEVANT FACTS

The relevant facts of this case are largely not in dispute. Quentin McNebb's ("McNebb") involvement began with a phone call from Keith Hairston ("K. Hairston") requesting a ride. (Statement of Facts, Document 178, pg. 2) Since McNebb did not have a car, he contacted Andrew Armour ("Armour") who agreed to provide the ride. (Statement of Facts, Document 178, pg. 2) At the time that McNebb and Armour agreed to provide ride

assistance, the known purpose of the trip was to obtain marijuana. (Statement of Facts, Document 178, pg. 2) Upon arrival at Rodney Hairston's ("R. Hairston") house, R. Hairston, K. Hairston and Tremain Thomas ("Thomas") discussed the robbery and likelihood of someone dying. (Statement of Facts, Document 178, pg. 2, 3) McNebb was not a party to this conversation.

McNebb was a passenger in the vehicle throughout the entire encounter. He smoked some marijuana at R. Hairston's house. He never possessed a firearm. He became aware of that the purpose of the trip was to rob someone after the trip began. (PSR, paragraph 22) He has cooperated fully with the investigating authority and upon information and belief, has earned a Motion for Substantial Assistance.

### **HISTORY AND CHARACTERISTICS OF DEFENDANT**

In examining the history and characteristics of the defendant, the Court will certainly note McNebb's criminal history. (PSR, pages 11-13) In so doing, the Court should also note that while extensive, McNebb's criminal history does not contain violent crimes.

Another important piece of McNebb's history is found in Paragraph 61 of the PSR. McNebb describes his father as not being present and not very kind to his mother. For this reason, McNebb has had no contact with his father since 2005. Furthermore, at the age of 7, McNebb lost his mother to cervical

cancer.  Upon the death of his mother, McNebb was raised by his grandmother.  As the Court is well aware, a tumultuous childhood filled with tragedies and violence can, and often does, reap bad behavior in adolescence and adulthood.  While certainly not an excuse, it may help the Court understand why at the age of 16 McNebb was convicted of his first crime and why he continued to make poor choices well into adulthood.

What may speak most loudly about McNebb's current character and a change in his decision-making process is his actions upon release from state incarceration.  McNebb made a decision to change the direction of his life, evidenced in part by his enrollment in National College. (see <u>Exhibit A</u>) During his period of enrollment he made enough of an impression on the staff and teachers at National College to warrant them taking the time to provide letters in his support.  (see <u>Exhibit B and C</u>)  Other individuals have also supplied letters in support of McNebb referencing a change in his actions as well as his caring and helpful attitude. (see <u>Exhibit D and E</u>)

### **NATURE OF OFFENSE**

The loss of life from the events in January of 2010 is a tragedy which McNebb did not plan but was nonetheless involved in.  The offenses for which he stands charged arose out of a planned drug deal and involved known gang members. There was illegal activity afoot on both sides.  While the victim's

illegal activity certainly does not justify and never would justify the actions of the defendants, it should be considered as part of the nature and circumstances of the offense.  It is also important to note the relevant involvement of all charged, from the planner, R. Hairston, to the shooters, K. Hairston and Thomas, to those who provided transportation, McNebb and Armour.

## NEED OF SENTENCE TO REFLECT SERIOUSNESS OF OFFENSE, ACHIEVE DETERRENCE, PROVIDE JUST PUNISHMENT

In weighing the factors listed in 18 U.S.C. §3553(a)(2)(A) to determine the appropriate sentence for the defendant, it is important for the Court to look at the actions of McNebb and not lump his actions in with those of the entire group. The sentence should be tailored to reflect the seriousness of his involvement, to achieve deterrence of similar actions by those in society and to provide just punishment.  It is submitted that a sentence closer to the low end of the bracketed range (5 years to 20 years) is sufficient and meets the requirements of this section.

## NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

Section 3553(a)(6) of 18 U.S.C. protects against the unwarranted sentence disparities among defendants.  It is submitted that the unique facts of the case at bar warrant a sentence disparity.  The computation of the guidelines for the offenses charged in this matter do not sufficiently take into

account McNebb's role in the offense.  His actions were vastly different than other co-defendants and likely different from other individuals from across the nation charged with a similar offense.  The facts of this case, McNebb's role in the offense and his cooperation allow this Court to treat him differently than other defendants with similar records and guilty of the same offense.

## CONCLUSION

Quentin McNebb made several bad choices that landed him with charges that carry a guideline range of 30 years to life. He chose to provide help when K. Hairston called him for a ride. He chose to continue riding in the car once he learned of the planned robbery. He chose to smoke marijuana which probably had a negative impact on his decision making ability.  He also made at least two good decisions that night in January of 2010—he chose not to carry a firearm and not to shoot anyone. Since that night he has made several other good decisions.  He decided to go back to school and he decided to assist in the investigation. It is submitted to the Court that based on the argument contained herein a sentence closer to the low end of the bracketed range is warranted.

                                            Respectfully submitted,

                                            QUENTIN DWAYNE MCNEBB
                                            By: /s/ Stuart J. Pearson

Stuart J. Pearson, Esquire (VSB# 46406)
CLEMENT & WHEATLEY
549 Main Street (24541)
P. O. Box 8200
Danville, VA 24543-8200
434-793-8200
434-793-8436 Fax
*Counsel for the Defendant*

CERTIFICATE OF MAILING

I, Stuart J. Pearson, Esquire, hereby certify that on this 31ST day of January, 2013, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Donald R. Wolthuis, AUSA.

/s/ Stuart J. Pearson