CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 23 2014

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

QUENTIN DWAYNE McNEBB,　　　　]

　　　　Petitioner,　　　　]

　　　　　　　　　　　　]

　　　　v.　　　　]　　　　Case No. 4:12-CR-00001

　　　　　　　　　　　　]

UNITED STATES OF AMERICA,　　　　]

　　　　Respondent.　　　　]

COUNTER MOTION TO STRIKE MOTION TO DISMISS AS NON-RESPONSIVE/
LEGALLY INSUFFICIENT, AND/OR REPLY/OBJECTIONS TO RESPONSE TO
MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE
PURSUANT TO 28 U.S.C. § 2255, AND ATTACHED SWORN AFFIDAVIT

TO THE HONORABLE U.S. DISTRICT JUDGE, JACKSON L. KISER:

COMES NOW the Petitioner, Quentin Dwayne McNebb ("Mr. McNebb"),
who proceeds herein pro se and with the assistance of an individual
who not only possesses a juris doctorate degree, but an individual
who also has had specialized training in the application of habeas
law, and respectfully counter moves the Honorable Court pursuant to
Rule 12(f) of the federal Rules of Civil Procedure ("Fed. R. Civ.
P.") to strike the government's motion to dismiss (Crim. ECF No.
310), because it fails to set forth a legal defense to the allega-
tions to which it is directed, see Fed. R. Civ. P. Rule 8(b) and
12(b), or in the alternative, he submits this, his objections to
the government's Response to the Section 2255 motion now before
the Court. (Crim. ECF No.　　). In support thereof, Mr. McNebb

would respectfully show the Court the following:

I. Procedural Background

On February 26, 2014, Mr. McNebb filed with the Court a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255. (Crim. ECF No.   ).

In that motion, Mr. McNebb alleged three (3) instances of either a law or constitutional violation. In Ground One, Mr. McNebb set out sufficient enough facts to establish that he had not only been denied the substantive right to proceed to trial on offense conduct that he is actually/factually innocent of committing, and enter a plea of guilty to offense conduct that he is actually guilty of committing, but deprived the guaranteed right to be represented by ethical and professional counsel throughout the entire plea process, when counsels induced Mr. McNebb's plea of guilty by way of threat to withdraw from the case should he not agree to enter a plea of guilt in accordance with a plea agreement that encompassed offense conduct for which he is actually/factually innocent of committing, and therefore, requires the Court to vacate his sentence and set aside his plea of guilty as being constitutionally void from its inception. Id. at ps. 4-4.2. In Ground Two, Mr. McNebb set out sufficient enough facts to establish that he had not only been denied the substantive right to have the additional offense conduct of causing the death of another through the possession of a firearm in furtherance of

a drug trafficking crime charged in an indictment, submitted to a jury and found by that jury beyond a reasonable doubt, but deprived the guaranteed right to enter into plea negotiations with the government which would have resulted in him pleading guilty in accordance with a plea agreement that did not require him to admit offense that he is actually/factually innocent of committing, and therefore, requires the Court to vacate his sentence and re-sentence him to a term of imprisonment that does encompass such offense conduct. Id. at ps. 5-5.3. In Ground Three, Mr. McNebb set out sufficient facts enough to establish that he had not only been denied the substantive right to have a jury at sentencing, and not a judge, determine which factors; i.e., drug quantities, etc., would be used to increase the mandatory minimum/base offense level associated with the count of conviction, but was deprived the guaranteed right to enter into plea negotiations with the govern-ment; which may have resulted in him pleading guilty in accordance with a plea agreement that did not encompass extra-judicially found factors, and therefore, requires the Court to vacate his sentence and re-sentence him to a term of imprisonment without the enhancement for the extra-judicially found factors. Id. at 7-7.3.

Upon preliminary examination of the above-mentioned Section 2255 motion, the Court issued an order directing the government to answer or otherwise respond to Mr. McNebb's motion within 60- days of the date of its order. Moreover, the Court ordered

the petition transferred to its Magistrate Judge for the undertaking of all matters not dispositive of the motion.

On April 21, 2014, the government submitted a motion to dismiss to the Court and in response to Mr. McNebb's petition. See Crim. ECF No. 310.

In that motion, the government; inter alia, complains that Mr. McNebb's allegations fall within the scope of the plea agreement, because the plea agreement to which he pled, prohibits the Court from undertaking habeas review of his conviction or sentence. Id. at pp.

In response to the above-mentioned motion to dismiss, the Court's Clerk issued a notice dated April 22, 2014, directing Mr. McNebb to submit any counter motions and/or replys, or objections thereto, on or before the expiration or 21-days of the date of the notice.

However, and being unable to comply with the timeline; that is, for the reasons stated in support of a motion for an expansion of time, Mr. McNebb was granted an additional 21-days in which to research, prepare and submit the instant motion to strike/objections.

Thus, Mr. McNebb timely submits this, his counter motion to strike and/or objections to the government's motion to dismiss.

II. Motion to Strike

Mr. McNebb contends here that, the government's motion to

-4-

dismiss is anything but the answer or response the Court sought to the allegations he makes in support of the relief he seeks in the Section 2255 motion now before it, and therefore, must be stricken as being legally insufficient.

(i) Analysis

For a responsive pleading to be considered an answer to the pleading to which it is directed, it must set forth a legal defense to the allegations to which it is responding. See Fed. R. Civ. P. 8(b) and 12(b); see also Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (7th Cir. 1991). Instead, the government's Response fails to address the impact the Court's failure to inquire of Mr. McNebb during the Change of Plea Hearing if his attorneys had coerced, induced, or threatened him in any way to enter the plea of guilty he was willing to enter, that is, to then have provided Mr. McNebb with sufficient notice that it was all right for him to then disobey the advice of his attorneys; who had instructed him to answer the Court's standardized plea colloquy questions according to the affirmative/negative nods of his attorney's (Mr. Turk) head, might have then had on the Court's subsequent finding that Mr. McNebb had entered his plea of guilty of his own volition and because he was in fact guilty, to then overcome the constitu-tional implication of Mr. McNebb's allegation that, his plea of guilty was the express by-product of his attorneys' threat of withdrawal from the case should he not plead guilty in accordance with a plea agreement which required him to admit to committing

-5-

criminal conduct that he did not commit or had no knowledge would be committed by a co-conspirator and then result in the death of another person, see Crim. ECF No.   , ps. 4-4.2, because the record developed during the Change of Plea Hearing (Crim. ECF No. 310-2) provides the government with no legal defense to the fact that the Court did not do all that it could do to ensure Mr. McNebb's plea of guilty was free from coercion, inducement, or threat, see Crim ECF No. 310, pp. 6-2, as it is the record that would cause jurists of reason to pause and find that without an evidentiary hearing to examine the impact the Court's failure to ask such a simple question had on its subsequent finding that Mr. McNebb had entered a knowing and voluntary plea of guilty, it then can never be said that Mr. McNebb's plea of guilty was in fact free from coercion, inducement, or threat from his attorneys without first holding an evidentiary hearing.  Conversely, the government's Response provides no explaination for the Court's extra-judicial finding of additional factors neither found by a jury beyond a reasonable doubt, or pled by him, which were then used by the Court to impermissibly enhance the sentence it imposed against Mr. McNebb.  Besides, and even if the Court does find the government's Response to be a defense to Mr. McNebb's claims, it is "legally insufficient" as it appears that he is entitled to the relief that the seeks, as he "would succeed despite any stated facts which could be proved in support of the defense."  See Federal Ins. Corp. v. Eckert, Seamans, Cherin & Mellott, 754 F. Supp. 22, 23 (E.D. NY 1990).  There exists no plausible defense

to the fact that the Court inadvertantly failed to inquire of Mr. McNebb during the Change of Plea Hearing if his attorneys had coerced, induced, or threatened him in any way to enter the plea of guilty that he was about to enter, to then have provided Mr. McNebb with sufficient notice that it was all right for him to then disobey his attorneys' advice and disclose to the Court the contents of his attorneys' threats, because the Change of Plea Hearing Transcript (Crim. ECF No. 310-2) is devoid of such question. Nor, does there appear to exist a plausible defense to the fact that, the very document the government claims to bar Mr. McNebb from seeking the Court's review of his plea of guilt, actually conveys such right; that is, if the review is for a violation of his right to effective assistance of counsel. See Crim. ECF No. 180, pp. 8-2. An attorney's highly unethical and unprofessional behavior of threatening to withdraw from the case should his/her client not plead guilty to a plea agreement that that attorney had negotiated for him/her; especially, a plea agreement which then requires the individual pleading guilty to admit criminal conduct that both the attorney and the individual knows amounts to that individual committing perjury as well as suffering a wrongful conviction, is deficient performance which falls well below any objective standard of reasonableness required by Strickland, 466 U.S. 668 (1984), and results in the kind of prejudice that meets the Glover requirements, see 531 U.S. 198 (2001); see also Heiser v. Ryan, 951 F.2d 559 (3rd Cir. 1991) and 813 F. Supp. 388 (1993).

Moreover, the record provides the government with no viable defense to the fact that the Court, at sentencing, relied on additional factors outside Mr. McNebb's plea, nor found by a jury beyond a reasonable doubt, and then fashioned a term of imprisonment based on those factors. Although it seeks an opportunity to address those at a later date; that is, should the Court fail to grant its motion to dismiss, it chose to procedurally waive any response that it might have had, when it failed to address those issues as part and parcel of the motion to which this document responds.

Thus, and for all of the foregoing reasons, and according to Fed. R. Civ. P. 12(f), Mr. McNebb respectfully urges the Court to strike the government's Motion to Dismiss (Crim ECF No. 310) his Section 2255 motion as being "non-responsive" and "legally insufficient" as defined at Fed. R. Civ. P. 8(b) and 12(b), order that the government having had ample opportunity to raise whatever legal defense or give answer to Mr. McNebb's allegations lodges against the conviction and sentence obtained and imposed against him, has procedurally waived its right to any further response, order that an evidentiary hearing is necessary to resolve the law or constitutional violations complained about therein and, or sua sponte grant him the relief that he seeks, the setting aside of a plea of guilt that was constitutionally void from its inception, and the vacation of a term of imprisonment which was impermissibly enhanced based on the use of additional factors neither pled to by Mr. McNebb, nor found by a

jury beyond a reasonable doubt, or in the alternative, Mr. McNebb submits this, his reply/objections to the government's Motion to Dismiss (Crim. ECF No. 310) as being a response to his Section 2255 motion now before the Court.

III. Reply/Objections

(i) Reply

In reply to the government's request that it be given an additional opportunity to respond to Mr. McNebb's Section 2255 motion (Crim. ECF No. 310, pp. 1-1) should the Court not grant its motion to dismiss; that is, above and beyond the opportunity that is has already received when the Court's Magistrate ordered it to give answer or otherwise respond to the motion, Mr. McNebb would respectfully urge the Court to deny such request for substantively the same reasons it should strike the government's Motion to Dismiss as not being well taken.

Moreover, to require Mr. McNebb to reply to another response from the government for substantively the same reasons the Court should strike the government's Motion to Dismiss or sustain his objections thereto, would unduly prejudice him in the expenditure of additional financial resources that he does not have, and unnecessarily delay the administration of justice in this case, the setting aside of a plea of guilty that was constitutionally void from its inception.

(ii) Objections

Objection No. 1: Mr. McNebb objects to the government's
contention that he voluntarily pled to a plea agreement that
required him to waive the right to mount an attack against it.
(Crim. ECF No. 310, 4-6).

However, and on the contrary, Mr. McNebb's plea of guilty
was anything but voluntary, because it is the express by-product
of his attorneys' deceitful advice that he could not plead guilty
to one count of the Superseding Indictment, and proceed to trial
on the remaining counts, see the a hereto attached Sworn Affidavit,
pp. 5-9, and then induced by his attorneys' threats to withdraw
from the case should he not plead guilty in accordance with that
plea agreement. See the a hereto attached Sworn Affidavit, pp.
6-9; see also Crim ECF No.    , ps. 4-4.2.

What is more, and although the Court did examine Mr. McNebb
on the record about the voluntariness of the plea he was about to
enter during the Change of Plea Hearing; specifically asking the
question if: "Did anyone (other than his attorneys) either outside
or inside of the government make any threats to you to get you to
enter a plea of guilty?", (emphasis added, see Crim ECF No. 310-2,
pp. 14, 18-20, the Court failed to directly inquire of Mr. McNebb
if either of his attorneys had threatened him to enter the plea
that he was about to enter, so as to then have altered him to the
fact that it was all right for him to then disobey the advice of

his attorneys (the answering of the Court's plea colloquy ques-
tions in the affirmative/negative based on the direction in which
his attorney (Mr. Turk) nodded his head) and divulge attorney/
client privileged communication to the Court.  See the a hereto
attached Sworn Affidavit, pp. 8-11.

In fact, it is reasonable to believe that in answering the
Court's questions about the voluntariness of the plea he was
about to enter, Mr. McNebb was unaware of the ability to disobey
his attorneys' advice in answering the questions of the Court and
merely followed that advice in hopes that it would then lead to
specific performance in the promises his attorneys made to him
about the term of imprisonment he would receive.  See the a hereto
attached Sworn Affidavit, pp. 8-11; see also Crim. ECF No.    ,
pp. 4-4.2.

Finally, and most importantly, if the government is so sure
that Mr. McNebb's plea to the plea agreement it claims bars the
Court's review of the apparent injustice was as knowing and
voluntary as it so desperately wants the Court to believe, then
why did it not contact and obtain from Mr. McNebb's attorneys
sworn declarations or affidavits to that effect, because Mr.
McNebb had waived any attorney/client privilege to protection of
conversations that he might have had about the issue, when he
raised it in support the allegations contained in his Section
2255?  Or, is it that the government chose not to seek such
documents from either Mr. Pearson or Mr. Turk because it feared

that either attorney may actually admit the circumstances leading up to and including Mr. McNebb entering the plea now under attack? Be that as it may, and in these type of cases, the government does not pass an opportunity to seek dispositive documents from counsel when it is so sure that the issue can be resolved with such out of court sworn testimony. However, and in the absense of such a dispositive document, or testimony, the court must hold an evidentiary hearing to examine the parties on the record and in an effort to resolve the problem created in the record when a court fails to inquire of the defendant on the record if his attorney coerced, induced, or threatened him in any way to enter the plea of guilt that he is about to enter. See Heiser v. Ryan, 951 F.2d 559 (3rd Cir. 1991) and 813 F. Supp. 388 (1993).

Thus, for all of the foregoing reasons and those that appear in the Section 2255 motion now before the Court, Mr. McNebb respectfully urges the Court to sustain his objection and either order that an evidentiary hearing is necessary to resolve the matter, or sua sponte set aside Mr. McNebb's plea of guilt as being constitutionally void from its inception.

Objection No. 2: Mr. McNebb objects to the government's contention that he knowingly and voluntarily waived his right to collaterally attack the judgment and sentence under Section 2255 when he entered a plea of guilt in accordance with the written plea agreement had in the underlying criminal prosecution of him. (Crim. ECF NO. 310, pp. 6-2).

While it is true that Mr. McNebb waived the right to collaterally challenge the judgment and sentence in a Section 2255 motion when he agreed to enter a plea of guilt in accordance with a written plea agreement that was constitutionally void from its inception and, for the reasons more fully developed in support of Ground One of the Section 2255 motion (Crim. ECF No.    , p. 4-4.2) now before the Court, objection No. One set out above, and the a hereto attached Sworn Affidavit, pp. 9-13), he did; however, reserve the right in that very same document to mount an attack on the judgment or sentence if the challenge is for ineffective assistance of counsel. (Crim. ECF No. 180, pp. 8-2). The relevant portion of the plea agreement reads, that:

> "I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement."

Id. at Plea Agreement, Crim. ECF No. 180, pp. 8-2.

By its very terms, or the lack thereof, the document the government claims bars Mr. McNebb from launching an attack on the guilty plea which underlies it, actually authorizes him to do so.

-13-

Moreover, and according to Strickland, the highly unethical and unprofessional conduct which led to him entering an unknowing and involuntary plea, the deceitful advice and threats of withdrawal of his attorneys, constitutes the kind of deficient performance that qualifies as ineffective assistance of counsel. Id. at 466 U.S. 668, 687 (1984).

Unlike most claims, ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. See Massaro v. United States, 538 U.S. 500, 508-09 (2003). A defendant; however, must show that his counsel's performance was deficient and that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency means "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. And prejudice requires showing by a reasonable probability that, "but for his attorney's errors, the proceedings would have produced a different result." See Ross v. United States, 339 F.3d 483, 492 (4th Cir. 2003)(citing Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." See Harrington v. Richter, 131 S. Ct. 770, 787 (2011)(quoting Strickland, 466 U.S. at 694). "Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 787-88 (internal quotation marks omitted).

Mr. McNebb asserted three (3) reasons to support his Section

2255 motion. See Crim. ECF No.  . The first is an ineffective
assistance of counsel claim regarding his attorneys' deceitful
advice that he could not enter a plea of guilt to one count of
the Superseding Indictment (Count 1) because he was in fact
guilty of possessing a controlled substance, and proceed to
trial on the remaining two (2) counts (Counts 2 and 3), see
the a hereto attached Sworn Affidavit, pp. 5-9, because, and,
according to the government, Mr. McNebb had no prior knowledge
that a co-conspirator would possess a firearm during the
commission of the offense and that, that firearm would then be
used to cause the death of another person, see the a hereto
attached Sworn Affidavit, pps. 4-7, 6-9, and 9-13; see also
the Statement of Facts, Crim. ECF No. 167, pp. 2-2, specifically,
and threats of withdrawal if he should not agree to enter a plea
of guilty to the plea agreement his attorneys claimed to have
"... worked so hard to negotiate" for him, see the a hereto
attached Sworn Affidavit, pp. 4-7, or persisted in his desire
to proceed to trial. See the a hereto attached Sworn Affidavit,
pp. 8-11. The Second and Third issues surround intervening
changes in existing law; which convey new, retroactive substan-
tive rights which were unavailable to him at the time he entered
his plea, and could not have been contemplated in the terms and
conditions of the plea agreement for him to have then waived them.

In demonstrating that his attorneys were not fuctioning as
the counsel guaranteed him by the Sixth Amendment at the time he

did; a result of which was so serious as to deny Mr. McNebb a
fair trial, that is, had he ignored the deceitful advice of his
attorneys that he could not plead guilty to one count of an
indictment and proceed to trial on the others, but persisted to
trial as he desired, there existed a reasonable probability
that he would have acquitted on Counts Two and Three of the
Superseding Indictment, because the jury would have been instructed
that, before it could convict him in the aiding and abetting of
the possession of a firearm during and in relation to a crime of
violence or a drug trafficking offense, the government would
have to have proven beyond a reasonable doubt that he not only had
prior knowledge of the existence of the firearm, but that it was
intended to be used during a crime of violence or drug traffick-
ing offense, and that he did absolutely nothing to withdraw
from the crime, see Rosemond v. United States, 2014 BL59832, U.S.,
No. 12-895 (3/5/14), and refused to acquiesce to his attorneys'
threat of withdraw from the case should he not agree to plead
guilty in accordance with a plea agreement that required him to
admit to offense conduct even his attorneys knew or should have
known he was not guilty of committing, as it is they who then
suppressed from his the government's Statement (Crim ECF No.
167) provided to them by the government a few days before Mr.
McNebb actually entered the plea of guilty that he did to offense
conduct that even to this day he maintains his innocence, see
the a hereto attached Sworn Affidavit, pp. 6-10, he points to
the fact that because the Court failed to specifically inquire

-16-

of him during the Change of Plea Hearing if attorneys had coerced, induced, or threatened him in any way to enter the plea that he was about to enter, he did not know that he was then free to disobey his attorneys' deceitful advice and threats of withdrawal when the Court asked the general question, "Did [anyone] (other than his attorneys) either outside or inside of the government make any threats to you to get you to enter a plea of guilty?", (emphasis added), it cannot be determined from the record if Mr. McNebb's plea is truly as knowing or voluntary as the government so desperately wants the Court to believe.

Therefore, and contrary to the government's assertion that Mr. McNebb has failed to meet his Strickland and Glover burdens of proof of deficient performance and prejudice as a result of Mr. Pearson's or Mr. Turk's representation of him, Mr. McNebb has not only demonstrated that the record in its totality does not controvert his allegations; i.e., had the Court specifically inquired of Mr. McNebb if his attorneys had coerced, induced, or threatened him in any way, rather than merely asking the confusing question, "Did anyone either outside or inside of the government make any threats to you to get you to enter a plea of guilty?", the outcome of the proceedings would have definitely been different, Mr. McNebb would have refused to enter a plea of guilty to offense conduct that he has insistently maintained that he is actually/factually innocent of committing, but would have taken his chances at trial, rather than relying on promises that

his attorneys knew or should have known they could not make or keep, the promise of a sentence of no more than 5-years on Count One, and no more than 10-years on Count Three, for a total of 15-years, not the 20-years imposed by the Court. See Crim. ECF No.    , ps. 4-4.2; see also the a hereto attached Sworn Affidavit, pps. 6-10, and 8-11.

Thus, for all of the foregoing reasons, and those that appear in the Section 2255 motion now before the Court, Mr. McNebb respectfully urges the Court to sustain his objection and either order that an evidentiary hearing is necessary to resolve the matter, or sua sponte set aside Mr. McNebb's plea of guilty as not being prohibited by the collateral challenge waiver contained in the plea agreement which underlines a guilty plea that was constitutionally void from its inception.

Objection No. 3: Mr. McNebb objects to the government's contention that even if the Court should find that the highly unethical and unprofessional conduct which led to the plea of guilt that it so desperately wants the Court to believe is knowing and voluntary does void the plea agreement that under-lies it, it then asks the Court to find that the collateral attack waiver is still valid and bars Mr. McNebb the right to seek review of an apparent injustice. See  Crim ECF No. 310, pp. 8-3.

However, the collateral attack waiver in Mr. McNebb's

plea agreement does not bar the Court from reviewing an apparent
injustice. A knowing and voluntary waiver is not an absolute bar
to subsequent challenges that fall outside the scope of that
waiver. See United States v. Attar, 38 F.3d 727, 732 (4th Cir.
1994). The Fourth Circuit held that proceedings which affect
constitutional rights and fundamental fairness fall outside the
scope of such waivers. See United States v. Marin, 961 F.2d 495,
496 (4th Cir. 2003)("[A] sentence imposed in excess of the maximum
penalty provided by statute or based on a constitutionally
impermissible factor such as race" falls outside the scope of
an appellate waiver.); Attar, 38 F.3d at 732 (appeal waiver does
not bar review of Sixth Amendment challenges to plea proceedings);
United States v. Broughton-Jones, 71 F.3d 1143, 1147 (4th Cir.
1995)(challenges to the plea or sentence fall outside the scope of
an appeal waiver where the challenge involves a claim that the
plea or sentence was illegal). This class of claims also includes
errors the defendant "could not have reasonably contemplated" at
the time of the signing of the plea agreement. See United States
v. Blick, 408 F.3d 162, 168 (4th Cir. 1996).

Since the Supreme Court's decisions in Lafler, Alleyne and
Descamps were high court acknowledgements that either a criminal
defendant has a constitutional right to honest advice from his
attorney about plea offers and plea agreements, or that Harris
v. United States, 536 U.S. 545 (2002), all the way back to
McMillan v. Pennsylvania, 477 U.S. 79 (1986), was two (2) decades

-19-

of completely erroneous precedent, the error in the matter is clear. Had Mr. McNebb proceeded to trial despite his attorneys' deceitful advice and threats of withdrawal and pleaded guilty to the offense conduct charged in Count One of the Superseding Indictment and proceeded to trial on the offense conduct charged in Counts Two and Three and, been acquitted, Mr. McNebb would be serving a sentence that is 15-years shorter than it presently is. Nor, could Mr. McNebb have raised a challenge to the Court's extra-judicial finding of additional sentencing factors neither pled to by him or found by a jury beyond a reasonable doubt prior to the Supreme Court Court's decisions in Alleyne and Descamps. These considerations outweigh any impact on the government that setting aside a guilty plea the government can stake no claim to, or correcting sentencing errors which led to a sentence the Court had no justification to impose. See Whiteside v. United States, No. 13-7152, 95 CrL 66 (4th Cir. 2014).

Therefore, the Supreme Court precedent upon which Mr. McNebb relies for the relief that he seeks in the Section 2255 motion now before the Court, Lafler, Alleyne and Descamps, falls outside the scope of the waiver in Mr. McNebb's plea agreement. See Crim. ECF No. 310, pp. 8-2. Likewise, Mr. McNebb could not reasonably have foreseen the watershed changes in precedent, and to now deny him relief in this case would be to allow multiple miscarriages of justice to stand; especially, in light of the fact the government has procedurally waived any response that it

might have had to Ground Two and Three of the Section 2255 now before the Court, because it chose to place all of its eggs (defenses) in a basket (motion to dismiss) that is legally insufficient; one of which contains no affirmative defense to Mr. McNebb's allegations that the plea to the plea agreement the government claims bars him from seeking relief from the Court for multiple apparent injustices, actually provides him with the authority to do so; that is, "... (except for an appeal based on an issue not otherwise waived in this agreement; an apeal based on an issue that cannot be waived by law....)", see Crim. ECF No. 180, pp. 8-2, would in and of itself amount to plain error. See Rule 52(b) of the Federal Rules of Criminal Procedure.

Thus, for all of the foregoing reasons, and those that appear in the Section 2255 motion now before the Court, Mr. McNebb respectfully urges the Court to sustain his objection and either order that an evidentairy hearing is necessary to resolve the matter, or sua sponte set aside Mr. McNebb's plea of guilty as being constitutionally void from its inception, or vacate his sentence as being impermissibly enhanced by the Court and in light of Allyene and Descamps, and resentence him to a term of imprisonment without the special enhancement for the death of another

IV. Relief

WHEREFORE, and for all of the foregoing reasons, those reasons that appear in the Section 2255 motion (Crim. ECF No.    ) now before the Court, and those reasons which will undoutedly be developed during the course of the evidentiary hearing to be held in response to the controversies created the record by Mr. McNebb's allegations raised therein/herein, Mr. McNebb respectfully urges the Honorable Court to grant the instant motion to strike the government's Motion to Dismiss (Crim. ECF No. 310), deny its request for an additional opportunity to do what it should have done before it chose to submit a legally insufficient and non-responsive document; that is, respond, sustain the objections in opposition of the reasons the government cites as warranting dismissal of the petition because, the record nor the government's brief establish sufficient facts for the Court to assess whether Mr. McNebb's attorneys were ineffective in threatening their client to withdraw from the case unless he pled in accordance with a plea agreement the Court, the government (by its own admission in the Statement of Facts, Crim. ECF No. 167; and, very curiously, the government fails to refute in its Motion to Dismiss and does demonstrate that Mr. McNebb is actually/factually innocent of the possession of a firearm that then resulted in the death of another person), Mr. McNebb's attorneys (who then suppressed the government's Statement of Facts from him; that is, until they were required by the Virginia State Bar to turn over a complete copy of the file they maintained on him and the criminal case against him, <u>see</u> the a hereto attached copies of

-22-

letters from the Virginia State Bar to Mr. McNebb's attorneys
about them for knowingly and intentionally with-holding copies
of criminal case documents necessary for Mr. McNebb to initiate
the above-captioned cause of action, and marked as Attachment "A",
see also a hereto attached Sworn Affidavit, pp. 4-8, and Mr.
McNebb would all agree required him to commit perjury by admitting
to offense conduct even the record demonstrates he is actually/
factually innocent of committing, and defer ruling on the remainder
of the claims pending an evidentiary hearing on the nature and
extent the Court's failure to inquire of Mr. McNebb if his attorneys
had coerced, induced, or threatened him in any way to get him to
enter the plea of guilty that he did might have had on the plea
process, see 28 U.S.C. § 2255(b)("Unless the motion and the files
and records of the case conclusively show that the prisoner is
entitled to no relief, the Court shall ... grant a prompt hearing
thereupon, determine the issues and make findings of fact and
conclusion of law with respect thereto."); see also United States
v. Mangiardi, 173 F. Supp. 2d 292, 316-17 (M.D. Pa. 2001)(holding
an evidentiary hearing to resolve factual ambiguities regarding
whether trail counsel refused to let defendant testify at trial or
erroneously persuaded defendant not to testify); United States v.
Rodriguez, 153 F. Supp. 2d 590, 595 (E.D. Pa. 2001)(reversing
ruling under Strickland pending evidentiary hearing on § 2255
claim that trial counsel refused to let defendant testify), and in
anticipation of the evidentiary hearing, the Court should appoint
an attorney to represent Mr. McNebb, pursuant to the Rules Governing

-23-

Section 2255 Cases, see R. Governing § 2255 Cases R. 8(c), or grant certificate of appealability pursuant to 28 U.S.C. § 2255 (c), because Mr. McNebb has made a substantial showing of the denial of a constitutional right and that the issuance of such authorization would therefore be appropriate, since any order of the Court denying Mr. McNebb the relief that he seeks in this motion, would constitute a "final order", as it would address the merits of his constitutional claims. Furthermore, Mr. McNebb respectfully moves the Honorable Court for any and all other relief that it may deem just and proper, or the laws and Constitution of the United States require.

Dated: June 18, 2014

Respectfully submitted,

Quentin Dwayne McNebb
#15821-084
Federal Correctional Center
Gilmer
P.O. Box 6000
Glenville, WV 26351

-24-

## CERTIFICATE OF SERVICE AND MAILING

I, Quentin Dwayne McNebb, do hereby certify under the penalties of perjury and according to the Supreme Court's holding in Houston v. Lack, 487 U.S. 266 (1988), the federal "mailbox rule", that the foregoing document was hand-delivered to prison authorities on this  18th  day of June, 2014, for forwarding to the Court and by placing same into the internal mailing system of the institution to which I am confined, F.C.I. Gilmer, Glenville, W. Va., and with notification of mailing being sent on the same day as indicated above, using standard U.S. Mail service, First Class postage prepaid, to the following CM/ECF recipient:

Donald Wolthuis, AUSA
Office of the U.S. Attorney
P.O. Box 1709
Roanoke, VA 24008

Quentin Dwayne McNebb