CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 18 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:12-cr-00001-4 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| QUENTIN DWAYNE MCNEBB, | ) | By:   Hon. Jackson L. Kiser |
|     Petitioner. | ) | Senior United States District Judge |

Quentin Dwayne McNebb, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the United States' motion to dismiss because claims of court error are waived and defaulted and the claim of ineffective assistance of counsel is patently frivolous and false.

I.

On August 21, 2012, Petitioner signed a plea agreement with the United States to plead guilty to conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) and § 846 ("Count One"), and possessing a firearm in furtherance of a drug-trafficking crime that caused the death of a person, in violation of 18 U.S.C. § 924(c) and (j) ("Count Three").[1] As part of this agreement, Petitioner agreed to waive the right to appeal and the right to collaterally attack the judgment. The waiver provision for a collateral attack reads:

> I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless filing is based on ineffective assistance of counsel. I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order

---

[1] I dismissed count two of the second superseding indictment after Petitioner's sentencing for Counts One and Three, pursuant to the plea agreement.

imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.

Plea Ag't 8.

During the plea hearing on the same day, Petitioner acknowledged under oath that he understood he waived his right to appeal and to collaterally attack the judgment or sentence. Petitioner acknowledged that nobody "outside or inside the government" pressured or coerced Petitioner to plead guilty. Petitioner also affirmed that he had no complaints "about the manner in which [he] was represented by [his] lawyers up to th[at] point in time[.]" Petitioner further affirmed that the written plea agreement was the entire and only arrangement between him and the United States. I explained the various rights Petitioner waived by pleading guilty, and after considering all of Petitioner's answers to my questions, I determined that Petitioner knowingly and voluntarily pleaded guilty to Counts One and Three. Petitioner executed the guilty plea form, which states, "My plea of guilty is made knowingly and voluntarily and without threat of any kind or without promises other than those disclosed here in open court." I ultimately sentenced Petitioner to 240 months' incarceration, consisting of a 60 month sentence for Count One and a 180 month consecutive sentence for Count Three.

Petitioner has now timely filed a § 2255 motion alleging three claims. First, counsel rendered ineffective assistance of counsel prior to and during the plea guilty hearing. Second, the court erred because a jury did not determine additional offense conduct to which Petitioner did not plead guilty. Third, the court erred because a jury did not determine factors that increased Petitioner's sentence. The United States moves to dismiss the claims as barred by the collateral attack waiver and as meritless. After reviewing the record, I agree with the United States and dismiss the § 2255 motion.

2

## II.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy—specifically, whether the district court questioned the defendant about the . . . waiver—the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)).

3

Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That discussion does not end the inquiry, however, because a court must also consider the scope of the plea agreement waiver. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights: issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea; the imposition of a sentence above the statutory maximum; or the imposition of a sentence based on a constitutionally impermissible factor, such as race. Attar, 38 F.3d at 732; Lemaster, 403 F.3d at 220 n.2; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Petitioner's guilty plea and waiver of collateral attack rights, I must determine whether his claims fall within the scope of the waiver.

During the plea hearing, Petitioner affirmed that he understood the terms of the plea agreement, including the appeal and collateral attack waivers; that he was entering the guilty pleas and waiving appeal and collateral attack rights knowingly and voluntarily; and that he was completely and fully satisfied with his attorneys' representation at that time. I carefully reviewed the provisions of the plea agreement until I was fully satisfied that Petitioner pleaded guilty knowingly and voluntarily. Accordingly, I find that collateral attack waiver is valid.

I further find that Petitioner's two claims of court error fall within the scope of the waiver. Claims two and three do not involve the denial of counsel at any proceeding after the guilty plea, the imposition of a sentence above the statutory maximum, or the imposition of a

sentence based on a constitutionally impermissible factor, and they are based on issues that Petitioner reasonably could have foreseen when entering into a plea agreement. See, e.g., United States v. Haynes, 412 F.3d 37, 39 (2d Cir. 2005) ("[T]he possibility of changes in the law is simply one of the risks allocated by the parties' [plea] agreement."). Accordingly, claims two and three must be dismissed.[2]

However, the claim of ineffective assistance of counsel does not fall within the scope of the waiver because the waiver provision specifically excludes claims of ineffective assistance of counsel. See United States v. Yooho Weon, 722 F.3d 583, 588 (4th Cir. 2013) ("In interpreting the terms of a plea agreement in conformity with principles of general contract law, we apply the plain meaning of the agreement's terms with the goal of providing each party the benefit of its bargain.").

While the ineffective assistance claim cannot be dismissed because of the waiver, it must be dismissed as meritless. Petitioner argues that counsel rendered ineffective assistance "when counsel[,] using the guise of a capped sentence . . . and a threat of withdrawal from the case, induced [Petitioner] to plead guilty to a plea agreement that fell markedly short of that advice, and therefore, requires the Court to set aside a guilty plea that was rendered constitutionally void from its inception." Mot. to Vacate at 4.1. Thus, Petitioner believes that he was coerced to plead guilty due to counsel's "deceit regarding the terms and conditions of the plea agreement" and threat to withdraw from representation if Petitioner rejected the plea agreement. Id. Petitioner alleges that counsel advised him that Petitioner would receive a ten-year consecutive sentence for Count Three instead of the fifteen-year consecutive sentence he actually received.

---

[2] The two claims of court error are also subject to dismissal as procedurally defaulted because Petitioner did not raise them on direct appeal, and nothing in the record establishes a basis to excuse the default. See, e.g., United States v. Frady, 456 U.S. 152, 170 (1972).

5

Petitioner's sworn statements made during the guilty plea colloquy conclusively establish that the claim of ineffective assistance of counsel is patently frivolous and false. Petitioner acknowledged during the plea hearing that the statutory maximum term of incarceration for Count Three was life imprisonment, I was not bound by any party's sentencing recommendation or stipulation, and I could sentence Petitioner up to life imprisonment. Petitioner testified that nobody pressured or coerced him to plead guilty and that the plea agreement constituted the entire and only arrangement between him and the United States. Petitioner also testified that he was satisfied with counsel's advice and performance when he entered his guilty pleas. Petitioner's sworn statements during the plea hearing contradict his present allegations of ineffective assistance of counsel, and thus, the present allegations must be regarded and dismissed as patently frivolous and false.

### III.

For the foregoing reasons, I grant the United States' motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 18th day of July, 2014.

Senior United States District Judge