# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 4:12CR00001-004 |
| ) | |
| v.   ) | **OPINION** |
| ) | |
| **QUENTIN DWAYNE McNEBB,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.   ) | |

*Quentin D. McNebb, Pro Se Defendant.*

The defendant, Quentin McNebb, has filed a pleading in this closed criminal case titled "MOTION TO AMEND TO ORIGINAL JURISDICTION," ECF No. 467. He states that he wishes "to amend his petition to vacate his sentence." *Id.* at 1. The record reflects that McNebb has no such pending petition. Because McNebb's motion seeks to have his sentence vacated and his conviction expunged, I construe his submission as a new Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. I will direct the Clerk to docket it as such. Upon review of the motion and court records, I find that the § 2255 motion must be summarily dismissed as successive.[1]

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

On August 21, 2012, McNebb pleaded guilty to conspiring to possess with intent to distribute marijuana and possessing a firearm in furtherance of a drug-trafficking crime that caused the death of a person. The court sentenced him to 240 months in prison. He did not file a timely Notice of Appeal.

In 2014, McNebb filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The court denied relief, finding that his claims were either waived under the Plea Agreement or were without merit. *United States v. McNebb*, No. 4:12-cr-00001-4, 2014 WL 3563900 (W.D. Va. July 18, 2014), *appeal dismissed*, 590 F. App'x 284 (4th Cir. 2015) (unpublished). In June 2017, McNebb filed a second § 2255 motion, ECF No. 346, that the court summarily dismissed as successive under 28 U.S.C. § 2255, ECF No. 356.

McNebb filed his current motion on May 30, 2023. He mentions several types of constitutional violations, but he states no facts connecting any such violations to his case. As relief, he seeks to have his sentence vacated and his conviction expunged. Based on this language, I construe the motion as one seeking relief under § 2255.[2]

---

[2] McNebb's motion also states that his "ET-21 acted in a way that is outrageous" so as to constitute the intentional infliction of emotional distress. 2255 Mot. 2, ECF No. 467. McNebb seeks monetary restitution for "retaliation" and cruel and unusual punishment that allegedly violates the Eighth Amendment. *Id.* at 3.

A federal district court may consider a defendant's second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). "In the absence of pre-filing authorization . . . , the district court lacks jurisdiction to hear a successive § 2255 motion." *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished) (citing 28 U.S.C. § 2244(b)(3)).

As stated, McNebb filed his initial § 2255 motion years ago, and the court denied relief. McNebb offers no indication that he has obtained certification from the court of appeals to pursue his current motion as an authorized second or

---

McNebb's submission does not specify who or what his "ET-21" is or what this individual did that violated his rights in the manner he alleges. Thus, I decline to address this demand for relief.

To the extent that McNebb seeks monetary restitution for the alleged constitutional violations related to his conviction and/or sentence, a § 2255 motion is not the appropriate legal action in which to raise such a claim, as it is essentially a habeas corpus action. In limited circumstances, a federal inmate may seek monetary damages for a constitutional violation committed by a federal official by filing a civil rights action against that individual, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, a *Bivens* action would need to be filed in the federal district court in the state where the events underlying the claims occurred, and McNebb is not incarcerated in Virginia. Thus, this court is not the proper venue for McNebb to pursue a *Bivens* action concerning events in the prison where he is housed. To the extent that McNebb may be seeking restitution for the alleged constitutional violations related to his conviction or sentence, he is barred from seeking monetary relief in that context until the conviction and/or sentence have otherwise been set aside or overturned. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Messer v. Kelly*, No. 97-7144, 1997 WL 712811, at *1 (4th Cir. Nov. 17, 1997) (per curiam) (unpublished) (finding that rationale in *Heck* applies in *Bivens* actions.

successive § 2255 motion. Therefore, I must dismiss his current § 2255 motion without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: June 7, 2023

/s/ JAMES P. JONES
Senior United States District Judge