# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 4:12CR00001-004 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **QUENTIN DWAYNE McNEBB,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lee S. Brett, Assistant United States Attorney, Roanoke, Virginia, for United States; Quentin Dwayne McNebb, Pro Se.*

Quentin Dwayne McNebb has filed a pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Federal Public Defender, upon appointment and review, declined to file a supplemental motion.[1] The government opposes the pro se motion. For the following reasons stated below, the defendant's motion will be denied.

I.

In 2010, McNebb was involved in drug-related robbery and murder in Henry County, Virginia. A grand jury of this court returned a three-count Indictment[2]

---

[1] The Federal Public Defender did file a sealed copy of the defendant's Bureau of Prisons (BOP) medical records. ECF No. 455.

[2] The operative filing is the Second Superseding Indictment filed in June 2012. ECF No. 128.

against McNebb and others, charging McNebb with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846 (Count One); attempting and aiding and abetting in the attempt to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846 (Count Two); and of knowingly possessing a firearm in furtherance of a drug trafficking crime and in doing so causing a death, in violation of 18 U.S.C. § 924(c)(1), (j) (Count Three).  McNebb subsequently pled guilty to Counts One and Three pursuant to a written plea agreement.

McNebb was sentenced in February 2013 by the late District Judge Jackson L. Kiser to 240 months' imprisonment, consisting of 60 months on Count One and 180 months on Count Three, to run consecutively.  McNebb, now 46 years old, is currently housed at FCI Edgefield, with a projected release date of July 11, 2029.

On January 12, 2021, McNebb filed his first Motion for Compassionate Release, arguing that he was at a heightened risk of suffering from severe infection should he contract the COVID-19 virus.  He also asserted that his participation in prison programming and his renewed religious beliefs constituted extraordinary and compelling reasons for relief.  The court denied the motion and denied a related Motion for Reconsideration.  McNebb appealed.  The court of appeals affirmed, finding that this court did not abuse its discretion in determining that the 18 U.S.C.

§ 3553(a) weighed against early release. *United States v. McNebb*, No. 21-7145, 2022 WL 1797343, at *1 (4th Cir. June 2, 2022) (unpublished).

On September 23, 2022, McNebb filed the present motion, asking that the court immediately release him to home confinement. He again argues that his underlying health conditions place him at a heightened risk of adverse health effects should he contract COVID-19. He now also contends that a sentencing disparity exists, which he attributes to the decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). Moreover, McNebb asserts that his rehabilitation warrants relief.

The government has responded, arguing that McNebb has failed to exhaust his administrative remedies, that he cannot establish extraordinary and compelling circumstances to justify a sentence reduction, and that the § 3553(a) factors weigh against release. McNebb has replied and the motion is now ripe for decision.

II.

The court begins with the threshold requirement for granting relief — administrative exhaustion. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021). A district court may modify a term of imprisonment either upon motion of the BOP Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States*

*v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *1 (W.D. Va. July 24, 2019).  A defendant is not required to identify all the grounds for relief in his request to the warden that he later raises in his motion to the court.  *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022).  However, he should independently satisfy the exhaustion requirement for each motion he files; otherwise, he would be permitted to skirt the claim processing rule when filing successive motions.  *United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021); *United States v. Crockett*, No. ELH-18-166, 2022 WL 2116846, at *14 (D. Md. June 13, 2022) (noting that the Fourth Circuit has not resolved the issue but collecting cases holding that defendants must satisfy exhaustion for each motion).

Here, McNebb submitted a request to his Warden before filing his first motion in January 2021, but not before filing his latest motion.  The government asserts that McNebb should have submitted another request to his Warden.  I agree and find that dismissal is warranted for failure to exhaust administrative remedies.

Furthermore, even if the request McNebb sent before his first motion satisfies the exhaustion requirement for the present motion, I find that he has not established that he is entitled to the extraordinary relief he seeks.  The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing

Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.[3]  The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason shown by the defendant.  *Id.* at 284, 286.

McNebb first argues that relief is warranted because of the COVID-19 virus and his health conditions.  Courts have found the existence of extraordinary and compelling reasons when an inmate shows susceptibility to COVID-19 and a particularized risk of contracting the virus in his facility.  *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021).  Here, the record shows that McNebb is obese, and that he has hypertension, Type 2 diabetes, and high cholesterol.  The government concedes that these conditions may increase the risks associated with the COVID-19 virus.  However, McNebb does not show that he faces a particularized risk of contracting the virus within his facility.  In fact, FCI Edgefield currently only has one inmate positive for the virus and zero positive staff members. Federal Bureau of Prisons, BOP *COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19

---

[3] The Commission has promulgated proposed policy statements, which are set to become effective November 1, 2023, absent congressional action to the contrary. U.S. Sent'g, Comm'n, *Amendments to the Sentencing Guidelines*, *Policy Statements, Official Commentary, and Statutory Index* https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf?utm_medium=email&utm_source=govdelivery (last visited July 2, 2023).

_statistics.html (last visited July 2, 2023). At this point, his risk of contracting the virus within his facility is no higher than it is outside of it, and the risk is arguably less because of the vaccination rate within the facility. *Id.* (showing that 1656 inmates at FCI Edgefield have been vaccinated). Thus, I find that McNebb's medical conditions and the risks associated with COVID-19 do not constitute extraordinary and compelling circumstances warranting relief.

McNebb next contends that a drug conspiracy is not a valid predicate for a guidelines career offender enhancement and that a RICO conspiracy involving a drug offense also cannot be a career offender predicate. He cites to *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019) and other case law for support. He argues that a sentencing disparity exists as a result.

McNebb's claim is meritless. He was not convicted under the RICO statute, and he did not receive a career offender enhancement. Presentence Investigation Report ¶ 43, ECF No. 450. Consequently, these arguments do not support McNebb's claim that a sentencing disparity exists in his case. To the extent that McNebb is attempting to argue that his conspiracy conviction is not a valid predicate for his 924(c) conviction, his claim still fails because 924(c) convictions can be predicated on drug trafficking conspiracies. *United States v. Hare,* 820 F.3d 93, 106 (4th Cir. 2016). Furthermore, McNebb has not established that any alleged disparities between himself and co-defendants or other similarly situated defendants constitute

extraordinary and compelling reasons for release. In sum, McNebb has not established that a sentencing disparity exists justifying the extraordinary relief he seeks.

McNebb also points to his alleged rehabilitation. Post-sentencing rehabilitation is one among other factors courts should consider in assessing whether extraordinary and compelling reasons exist. *McCoy*, 981 F.3d at 286 n.9. While McNebb has purportedly matured and become a more reflective, empathetic individual since he was sentenced, this alleged rehabilitation in conjunction with the other factors cited by McNebb do not rise to the level of extraordinary and compelling circumstances.

Finally, even if McNebb could demonstrate extraordinary and compelling reasons for relief, I must also consider the applicable § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to avoid unwarranted sentence disparities; and the need for the sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *High*, 997 F.3d at 186 (citing § 3553(a)).

McNebb was convicted of serious criminal conduct that resulted in a death. He has a history of gang involvement and a lengthy criminal history that includes

other convictions for firearms and drug offenses. His drug convictions are not limited to marijuana; he has cocaine related convictions, as well. His BOP record does show that he has participated in prison programming, but it also reveals that he has incurred several disciplinary infractions. As explained above, he has not established that his sentence is disparate as compared to sentences of similarly situated defendants. Consequently, given the relevant § 3553(a) factors, I find that a reduction is not warranted in this case.

### III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 447, is DENIED.

ENTER: July 5, 2023

/s/ JAMES P. JONES
Senior United States District Judge