CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

August 03, 2026

LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 4:12CR00001-004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **QUENTIN DWAYNE McNEBB,** | ) | JUDGE JAMES P. JONES |
| **aka "QB,"** | ) | |
| | ) | |
| Defendant. | ) | |

*Quentin Dwayne McNebb, Pro Se.*

The defendant has filed his fourth motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion will be denied.

McNebb was the subject of a Second Superseding Indictment in this court charging him with conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846 (Count One); attempting and aiding and abetting in the attempt to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846 (Count Two); and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and in doing so causing a death through the use of a firearm, in violation of 18 U.S.C. § 924(j) (Count Three).

McNebb thereafter pled guilty to Counts One and Three pursuant to a written Plea Agreement, in which the parties agreed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a sentence between 60 and 240 months.  While the guideline range was 360 months to life, the late Judge Jackson L. Kiser accepted the stipulated sentencing range and on February 19, 2013, sentenced McNebb to 240 months' imprisonment, consisting of 60 months on  Count One and 180 months on Count Three, to run consecutively.  McNebb, now 49 years old, is currently housed at FCI Edgefield, with a projected release date of August 21, 2029.

In his present motion, McNebb contends that he is entitled to relief because he should not have been sentenced to a consecutive sentence under Count Three, which he refers to as the abolished practice of "stacking." Mot. 1, Dkt. No. 547.  But the "stacking" that McNebb refers to is not applicable to him.  Before the enactment of the First Step Act of 2018, prosecutors could charge multiple 18 U.S.C. § 924(c) counts in a single indictment resulting in additional consecutive sentences even though all convictions arose from the same prosecution.  In the recent decision in *Barrett v. United States*, 607 U.S. 128 (2026), the Supreme Court held that one act that violates both §§ 924(c)(1)(A)(i) and (j) may produce only one conviction. McNebb received only one conviction and sentence.  The First Step Act did not affect McNebb's § 924(j) consecutive sentence to his drug conviction.

Moreover, the Supreme Court ruled in May of this year that compassionate release under § 3582(c)(1)(A)(i) does not encompass Congress's nonretroactive change in § 924(c) under the First Step Act, "considered by itself or in combination with other factors." *Rutherford v. United States*, 146 S. Ct. 1320, 1335 (2026).

McNebb also requests the court to consider his programming, work, and conduct reviews, but in light of the serious nature of his conduct and criminal history and considering the 18 U.S.C. § 3553(a) factors of deterrence and protection of the public, I decline to do so, or to reconsider the evidence against him or the calculation of the sentencing guidelines.

Accordingly, it is **ORDERED** that the defendant's motion, Dkt. No. 547, is DENIED.

ENTER:  August 3, 2026

/s/  JAMES P. JONES
Senior United States District Judge